**Michael McCRAY, Petitioner**

v.

**PENNSYLVANIA DEPARTMENT OF CORRECTIONS, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 9, 2002.
Decided Oct. 1, 2002.

---

Michael McCray, petitioner, pro se.

Laura J.N. Failing, Camp Hill, for respondent.

BEFORE: McGINLEY, Judge, PELLEGRINI, Judge, AND McCLOSKEY, Senior Judge.

OPINION BY JUDGE PELLEGRINI.

Before this Court is a *pro se* application for summary relief sounding in mandamus filed by inmate Michael McCray (McCray) requesting this Court to order the Pennsylvania Department of Corrections (Department) to rescind its July 24, 2000 decision and compute his sentence to reflect credit for time served from May 1, 1996 to January 7, 1998.

McCray is an inmate currently incarcerated in the State Correctional Institution at Rockview. His criminal history leading up to his incarceration is as follows: on May 1, 1996, McCray was arrested and incarcerated as the result of 27 crimes he was charged with committing.[1] On November 5, 1997, he entered a plea agree-

1. The bills of information issued against McCray were as follows:

1. Bill No. 1: Aggravated Assault, Felony 1, pursuant to 18 Pa.C.S. § 2702.
2. Bill No. 2: Attempted Murder, Felony 2, pursuant to 18 Pa.C.S. §§ 2502, 901.
3. Bill No. 3: Firearms Not To Be Carried Without a License, Felony 3, pursuant to 18 Pa.C.S. § 6106.
4. Bill No. 4: Carrying Firearms on Public Streets or Public Property, Misdemeanor 1, pursuant to 18 Pa.C.S. § 6108.
5. Bill No. 5: Possessing Instruments of Crime, Misdemeanor 1, pursuant to 18 Pa. C.S. § 907.
6. Bill No. 6: Terroristic Threats, Misdemeanor 1, pursuant to 18 Pa.C.S. § 2706.
7. Bill No. 7: Simple Assault, Misdemeanor 2, pursuant to 18 Pa.C.S. § 2701.
8. Bill No. 8: Recklessly Endangering Another Person, Misdemeanor 2, pursuant to 18 Pa.C.S. § 2705.
9. Bill No. 9: Criminal Conspiracy, Felony 2, pursuant to 18 Pa.C.S. § 903.
10. Bill No. 10: Aggravated Assault, Felony 1, pursuant to 18 Pa.C.S. § 2702.
11. Bill No. 11: Attempted Murder, Felony 2, pursuant to 18 Pa.C.S. §§ 2502, 901.
12. Bill No. 12: Firearms not to be Carried Without a License, Felony 3, pursuant to 18 Pa.C.S. § 6106.

13. Bill No. 13: Carrying Firearms on Public Streets or Public Property, Misdemeanor 1, pursuant to 18 Pa.C.S. § 6108.
14. Bill No. 14: Possessing Instruments of Crime, Misdemeanor 1, pursuant to 18 Pa. C.S. § 907.
15. Bill No. 15: Terroristic Threats, Misdemeanor 1, pursuant to 18 Pa.C.S. § 2706.
16. Bill No. 16: Simple Assault, Misdemeanor 1, pursuant to 18 Pa.C.S. § 2701.
17. Bill No. 17: Recklessly Endangering Another Person, Misdemeanor 2, pursuant to 18 Pa.C.S. § 2705.
18. Bill No. 18: Criminal Conspiracy, Felony 2, pursuant to 18 Pa.C.S. § 903.
19. Bill No. 19: Aggravated Assault, Felony 1, pursuant to 18 Pa.C.S. § 2702.
20. Bill No. 20: Attempted Murder, Felony 2, pursuant to 18 Pa.C.S. §§ 2502, 901.
21. Bill No. 21: Firearms Not To Be Carried Without a License, Felony 3, pursuant to 18 Pa.C.S. § 6106.
22. Bill No. 22: Carrying Firearms on Public Streets or Public Property, Misdemeanor 1, pursuant to 18 Pa.C.S. § 6108.
23. Bill No. 23: Possessing Instruments of Crime, Misdemeanor 1, pursuant to 18 Pa. C.S. § 907.
24. Bill No. 24: Terroristic Threats, Misdemeanor 1, pursuant to 18 Pa.C.S. § 2706.
25. Bill No. 25: Simple Assault, Misdemeanor 2, pursuant to 18 Pa.C.S. § 2701.

ment wherein he pled guilty to three charges of Aggravated Assault under Bill Nos. 1, 10 and 19; one charge of Firearms Not To Be Carried Without a License under Bill No. 3; and one charge of Criminal Conspiracy under Bill No. 9. Pursuant to the plea agreement, McCray was sentenced on November 5, 1997, to 11½ to 23 months in the Philadelphia County Prison and ten years of concurrent probation with credit for time he had already served.

McCray subsequently filed with the trial court a petition for reconsideration of sentence. On January 7, 1998, his petition was granted, and the November 5, 1997 sentence was vacated. Pursuant to the trial court's January 7, 1998 order, McCray was sentenced as follows: "Time in to 23 months at the Phila. County Prison. *Credit for time served.* Immediate parole is Granted. Plus (10) years Probation to run concurrent to be supervised under the State Parole Board." (Emphasis added.) On September 17, 1999, McCray's probation was revoked and the trial court sentenced him to two to four years of incarceration to run concurrently on Bill Nos. 1, 9, 10 and 19 for each of the original aggravated assault and criminal conspiracy charges. These sentences were to be followed by five years of probation on Bill 19. McCray requested the Department to credit the time he served under the "time in to 23-months" sentence against the new September 17, 1999 sentence which was denied on July 24, 2000.

McCray then filed a petition for review in our original jurisdiction on September 5, 2000, alleging that the Department had calculated his sentence incorrectly by not crediting him for time he served from May 1, 1996, to January 7, 1998, toward his new sentence of 2–4 years imposed on September 17, 1999, by the trial court. McCray then filed the instant application for summary relief. He argues that he has received two separate sentences of incarceration and, unless the Department credits the time he served under his initial sentence to the time to be served under his present sentence, the infliction of multiple punishments for the same offenses will have occurred in violation of the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution which protects against multiple punishments for the same offense.[2]

To support his contention, McCray relies on *Commonwealth v. Williams*, 443 Pa.Super. 479, 662 A.2d 658 (1995), *petition for allowance of appeal denied*, 544 Pa. 607, 674 A.2d 1071 (1996). In that case, Williams pled guilty to attempted theft by unlawful taking and was sentenced to 11½ 23–months of incarceration plus three years probation. Ultimately, he served the entire 23 months and was placed on probation. Williams' probation was revoked. He was then sentenced to serve 3½—7 years, the maximum allowed on the attempted theft charge, but he was not credited for the 23 months he served.

26. Bill No. 26: Recklessly Endangering Another Person, Misdemeanor 2, pursuant to 18 Pa.C.S. § 2705.

27. Bill No. 27: Criminal Conspiracy, Felony 2, pursuant to 18 Pa.C.S. § 903.

2. In ruling on an application for summary relief, the court must view the evidence of record in the light most favorable to the nonmoving party and enter judgment only if there are no genuine issues as to any material facts and the right to judgment is clear as a matter of law. *Buehl v. Horn*, 761 A.2d 1247 (Pa. Cmwlth.2000). In order to prove that McCray is entitled to a writ of mandamus, he must establish that 1) he has a clear legal right to the requested relief; 2) a corresponding duty in the Department to provide such relief; and 3) the lack of any other adequate and appropriate remedy. *St. Clair v. Pennsylvania Board of Probation and Parole*, 89 Pa. Cmwlth. 561, 493 A.2d 146 (1985).

Relying on 42 Pa.C.S. § 9760(2),[3] the Superior Court held that because Williams had served the entire 23 months on the attempted theft charge, and the 3½–7 years term was the maximum sentence allowed by law, to impose the additional 23 months would violate 18 Pa.C.S. § 1103(3)[4] which provided that a person convicted for theft, a felony of the third degree, could only be sentenced for a maximum of seven years.

The Department, however, argues that *Williams* would only apply if McCray's prior period of incarceration and his current sentence would exceed the maximum sentence permitted by law. Instead, it argues that the holding in *Commonwealth v. Bowser*, 783 A.2d 348 (Pa.Super.2001), *petition for allowance of appeal denied*, 568 Pa. 733, 798 A.2d 1286 (2002), is more appropriate. In that case, Boswer was sentenced to 11½ to 23 months. He served 11 months and was paroled. His probation was subsequently revoked, and he was sentenced to 1–3 years of incarceration. His request to be credited for the 11 months served on his previous sentence was denied and on appeal, Judge Eakin (now Justice Eakin) writing for the Superior Court, affirmed stating:

Having received credit for the time in jail on the first component of the sentence, appellant did not spend the last half of the 23–month incarcerative portion of the sentence in jail. Probation began after that credit. Credit has been given once; had no credit been given, he would not have been paroled in August 1994, and his probation would not have begun for some months thereafter. We see no reason to award duplicate credit in the second component of the sentence.

\* \* \*

*Williams* does not control our case. Appellant's revocation sentence (one to three yeas), combined with the time to which he has previously been sentenced (six to 23 months), does not equal the maximum amount of time to which he can be sentenced (seven years). Accordingly, appellant's sentence is not illegal and *Williams* does not apply.

*Id.* at 350. However, in a dissenting opinion, Judge Olszewski disagreed and concluded that *Williams* was controlling as it was directly on point. He stated:

The majority tries to distinguish *Williams* from the present case by focusing on the fact that Williams would

---

**3.** 42 Pa.C.S. § 9760(2) provides the following regarding credit for time served:

After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:

(2) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody under a prior sentence if he is later reprosecuted and resentenced for the same offense or for another offense based on the same act or acts. This shall include credit in accordance with paragraph (1) of this section for all time spent in custody as a result of both the original charge and any subsequent charge for the same offense or for another offense based on the same act or acts.

Following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed **originally** at the time of the probationary sentence. *Commonwealth v. Fish*, 752 A.2d 921 (Pa.Super.2000), *petition for allowance of appeal denied*, 565 Pa. 637, 771 A.2d 1279 (2001).

**4.** 18 Pa.C.S. § 1103(3) provides:

Except as provided in 42 Pa.C.S. § 9714 (relating to sentences for second and subsequent offenses), a person who has been convicted of a felony may be sentenced to imprisonment as follows: (3) In the case of a felony of the third degree, for a term which shall be fixed by the court at not more than seven years.

have been serving a sentence exceeding statutory maximums if not credited for time served. I believe that to distinguish the case in this manner is to obfuscate the opinion of the Court. The Court did not merely reverse the judgment of sentence and remand the case for re-sentencing based on the fact that the cumulative sentence exceeded the statutory maximum. *See Williams,* 662 A.2d at 659. Instead, the Court credited appellant for the entire period he had served for the single act of theft by unlawful taking. *See id.* In addition, the Court's argument focused almost entirely on calculating credit for time served. Thus, I am constrained to agree with appellant that he too must be credited for the entire period he has already served.

He then cited 42 Pa.C.S. § 9760(2) and determined that the appellant was entitled to credit for all time spent in custody because "[t]o do otherwise would be to impose two separate sentences on appellant for a single crime, a sentence that would not have been available at the time of the original sentence." *Id.* at 352. Judge Olszewski also pointed out:

> If the trial judge meant for the new sentence to be inclusive of the original sentence, he should have stated on the record that he was sentencing appellant not to one to three years but to 18 to 59 months [6–23 months in the original sentence plus 12–36 months on the revocation sentence]. Appellant would then receive credit for time he had already served.

*Id.*

We agree with the dissent that *Williams* controls because 42 Pa.C.S. § 9760(2) spec-ifies that credit shall be given for *all* time spent in custody under a prior sentence if a defendant is later reprosecuted and resentenced for the same offense. Even if *Williams* only stands for the proposition that an inmate should be credited for time served if his prior sentence and his current sentence do not exceed the maximum sentence permitted under law, McCray would be entitled to credit because the maximum sentence he could have received was 20 years on the original charge, *see* 18 Pa.C.S. § 1103(1) (person convicted of felony of first degree shall not be sentenced to imprisonment for more than 20 years), and his sentence of 2–4 years plus the 23 months already served does not exceed the maximum possible sentence that could have been imposed. Because McCray served the entire 23 months for the underlying offense and did not receive *any* credit for that time served, he should have received credit for the 23 months served against his sentence of 2–4 years.

Accordingly, McCray has established a clear right to credit on his current sentence and his application for summary relief sounding in mandamus is granted.

### ORDER

AND NOW, this 1st day of October, 2002, it is hereby ordered that the application for summary relief sounding in mandamus filed by Michael McCray is granted.