Christopher HARRISON, Petitioner

v.

PENNSYLVANIA DEPARTMENT OF CORRECTIONS, Respondent.

Commonwealth Court of Pennsylvania.

Argued Sept. 9, 2004.

Decided Oct. 13, 2004.

Burton A. Rose, Philadelphia, for petitioner.

Timothy A. Holmes, Camp Hill, for respondent.

BEFORE: SMITH–RIBNER, Judge, COHN JUBELIRER, Judge (P.) and LEAVITT, Judge.

OPINION BY Judge COHN JUBELIRER.

Before the Court for disposition is a motion for judgment on the pleadings filed by the Department of Corrections (Department). The issue before us involves the crediting of time served where an inmate's sentences are changed from concurrent to consecutive.

Christopher Harrison, an inmate, has a long and complicated record which, for our purposes, begins on April 20, 1983, when he was sentenced to three concurrent 4–10 year sentences for 1) rape, 2) involuntary

deviant sexual intercourse and 3) burglary. He was also sentenced on April 20, 1983, to five years probation for aggravated assault and that sentence was directed to run consecutive to the rape sentence. Two years later, on September 11, 1985, the sentencing court "reconsidered" Harrison's sentence and placed him on ten years probation for the involuntary deviant sexual intercourse, burglary and aggravated assault charges.[1] He was sentenced to 1½–3 years on the rape charge and the court, in its September 11, 1985 order, stated that "defendant having served more than the maximum is eligible for parole and to be discharged today." At some point thereafter, Harrison violated the terms of his probation and the trial court, on November 28, 1990, re-sentenced him to serve three 5–10 year *consecutive* sentences for 1) aggravated assault, 2) involuntary deviant sexual intercourse and 3) burglary. The Department aggregated these sentences along with Harrison's numerous other sentences.[2]

The precise issue here is whether Harrison is entitled to credit against *all three consecutive sentences* for the thirty-eight months he served while his sentences were concurrent. The thirty-eight months in question run from July 14, 1982, when Harrison was first incarcerated, to September 14, 1985, when he was released on probation.

When Harrison first filed his petition for review, the Department gave him no credit for the thirty-eight months previously served. After the petition was filed, however, the Department investigated the matter and credited him with one day for each day of the thirty-eight month period. It did not indicate to which sentence it assigned the credit. The Department then filed a suggestion of mootness, with which the Court agreed and we dismissed the case on that basis. Harrison sought reconsideration, arguing that he should have been given thirty-eight months credit for *each* of the three now *consecutive* sentences for which he had originally received *concurrent* sentences. We granted reconsideration to consider that issue.

■ After we granted reconsideration, the Department filed an answer and new matter to the petition for review and Harrison filed a reply to the new matter. The Department then filed a motion for judgment on the pleadings. A motion for judgment on the pleadings can be granted only when the pleadings demonstrate that no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law. *See Newberry Township v. Stambaugh*, 848 A.2d 173, 175 n. 1 (Pa.Cmwlth. 2004).

Section 9760 of the Sentencing Code, 42 Pa.C.S. § 9760 sets out the requirements for "Credit for time served." That Section provides:

> After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:
>
> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to

---

1. The reasons for the reconsideration of the sentencing order are not of record. The efficacy of that order is not contested.

2. Harrison has an extensive criminal history; however, the other sentences are not relevant to the issue before the Court.

trial, during trial, pending sentence, and pending the resolution of an appeal.

(2) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody under a prior sentence if he is later reprosecuted and resentenced for the same offense or for another offense based on the same act or acts. This shall include credit in accordance with paragraph (1) of this section for all time spent in custody as a result of both the original charge and any subsequent charge for the same offense or for another offense based on the same act or acts.

. . .

(4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

42 Pa.C.S. § 9760.

■ The specific situation presented here does not clearly fit within any of these subsections. The Department asserts that subsection 4 of Section 9760 should control this case and that the additional credit Harrison seeks should be denied because awarding it would give him "triple credit." However, Section 9760(4) involves a situation where the defendant is arrested on one charge, but prosecuted on another charge, which did not occur here.

■ Harrison counters that his situation is most analogous to subsection (2) of Section 9760. He relies on that subsection for the proposition that an inmate is to be given credit "for all time spent in custody" under a prior sentence where the inmate is later re-sentenced for the same offense. However, we note that, although the trial court reconsidered and changed Harrison's sentence, which can be characterized as resentencing as that term is employed in Section 9760(2), that resentencing was *not* based upon reprosecution, as Section 9760(2) seems to require. Thus, this subsection also does not exactly apply to the facts at bar.

In addition to relying on Section 9760(2) of the Sentencing Code, Harrison also cites *McCray v. Pennsylvania Department of Corrections,* 807 A.2d 938 (Pa.Cmwlth. 2002), to support his position. In *McCray,* the inmate entered into a plea agreement resulting in a sentence of 11½ to 23 months and ten years of concurrent probation with credit for time already served. He sought reconsideration of his sentence. The trial court granted reconsideration and vacated the sentence. McCray was then sentenced as follows: "Time in to 23 months ... Credit for time served. Immediate parole is Granted. Plus (10) years Probation to run concurrent ..." *Id.* at 940. His probation was later revoked and he was sentenced to 2–4 year concurrent terms for each of the original charges. The sentences were to be followed by a term of five years of probation for one of the charges.

McCray asked the Department to credit the time he had served under the "time in to 23 months sentence" against the new 2–4 year sentences. It declined to do so, resulting in McCray's filing a mandamus action addressed to this Court's original jurisdiction. We granted McCray's application for summary judgment and held that the Department was required to grant the credit McCray sought because to do otherwise would result in McCray serving two separate sentences for the same crime, an outcome that would violate the provi-

sion in Section 9760(2) requiring that credit be given for all time spent in custody.

In this case, the Department has already conceded that Harrison is entitled to credit against one of the 5–10 year consecutive sentences. Thus, it has complied with the literal terms of *McCray,* although whether the credit should also run against his other two sentences is an issue not decided in *McCray,* as the parties recognize.

Although the parties did not cite them, we find the provisions in the Sentencing Code, which guide the trial court when it re-sentences a defendant due to either a violation of his probation or a violation of the terms of his intermediate sentence, to be instructive. Both Sections 9771 and 9773 of the Sentencing Code, 42 Pa.C.S. §§ 9771, 9773, indicate that the alternatives available upon re-sentencing shall be the same as were available at the time of initial sentencing, and both direct the trial court to give "consideration" to the time previously spent serving the probation or the intermediate punishment.[3] Harrison recognizes this principle when he suggests that the matter should be returned to the sentencing court for a determination as to whether his thirty-eight months credit should run against all sentences or only one sentence.

■ In this case, the sentencing judge's order that the concurrent sentences should instead run consecutively, (effectively tripling Harrison's incarceration time), did not indicate how the thirty-eight months he had already served was to be treated. The pre-printed form of order the judge used has an area entitled "Credit for Time Served (Explanation of Credit Computation)" and it is blank for all three sentences.[4] *See* Exhibits C, D attached to the

Answer to the Petition with New Matter. From this silence, the Department infers that the thirty-eight months should run against only one of the three sentences. From that same silence Harrison wants us to determine that the thirty-eight months should be credited to all three sentences since, when he served those thirty-eight months, he was serving all three sentences at the same time. Harrison also requests, as an alternative, that, since more than one interpretation is possible, this Court find that the sentence is ambiguous. We must agree with Harrison that more than one interpretation is possible. *See Doyle v. Ohio,* 426 U.S. 610, 617, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976) (recognizing, in the context of *Miranda* warnings, the "insolubly ambiguous" nature of silence). Therefore, we hold that there is an ambiguity present and that the sentencing court is in the best position to resolve it.

Where such an ambiguity exists, there is support for transferring it to the sentencing court for resolution. In *Commonwealth v. Isabell,* 503 Pa. 2, 467 A.2d 1287 (1983), the Department argued that a sentencing judge made his intention to impose a consecutive sentence clear at the sentencing hearing. The inmate asserted, however, that the record indicated that the court's intention was ambiguous because it was not orally reaffirmed after his counsel's final plea. The Supreme Court held that the sentencing judge is the one best qualified to resolve any disputes regarding the interpretation of his or her sentencing order. It, thus, indicated that the inmate should raise that contention before the sentencing court.

Accordingly, because this matter involves interpreting an ambiguity in a sen-

---

3. 42 Pa.C.S. § 9771(b), 9773(b).

4. One form also indicates that the reader should see the reverse side for the credit

computation. That side of the form is not in the record.

tencing order, we order this case transferred to the Court of Common Pleas of Philadelphia County for it to determine whether Harrison is entitled to credit against all three sentences or one sentence.

## ORDER

**NOW,** October 13, 2004, the Chief Clerk is hereby ordered to transfer the above-captioned matter to the Court of Common Pleas of Philadelphia County. The Department of Corrections' Motion for Judgment on the Pleadings is denied without prejudice to re-file it in the transferee court. That court may wish to direct that the Commonwealth, as prosecutor in the criminal action, be joined as a party.

