J-S86019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JEFFREY ALLEN BLANK | |
| Appellant | No. 341 WDA 2016 |

Appeal from the Judgment of Sentence January 29, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001997-2011

BEFORE: GANTMAN, P.J., MOULTON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MOULTON, J.: **FILED JANUARY 27, 2017**

Jeffrey Allen Blank appeals from the January 29, 2016 judgment of sentence entered in the Erie County Court of Common Pleas following his revocation of parole and probation on a conviction for persons not to possess a firearm.[1] We affirm.

On May 17, 2011, Blank was sentenced to 4 to 23 months' incarceration on a separate criminal conviction for theft by unlawful taking[2] and ordered to report to the Erie County Sheriff's Office on May 20, 2011 to begin serving his sentence. Blank failed to appear on that date, and on May

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 6105(c)(1).

[2] 18 Pa.C.S. § 3921.

23, 2011, the Erie County Court of Common Pleas issued an arrest warrant. On June 24, 2011, United States Marshals and representatives of the Pennsylvania State Police attempted to serve the arrest warrant on Blank at the trailer park in which he resided. After locating the trailer Blank rented and receiving permission of the trailer's owner, police forced entry into the trailer and found Blank at the rear of the trailer. Police found Blank pointing a handgun at his right temple with his finger on the trigger; Blank told police he did not want to go to prison. After a series of negotiations, Blank put down the weapon and surrendered to police.

On August 30, 2011, Blank pled guilty to the persons not to possess a firearm.[3] On October 12, 2011, Blank was sentenced to 1 to 2 years' incarceration for the firearm conviction, to be served consecutive to his sentence for the theft conviction, followed by 3 years' probation, to be supervised by the Pennsylvania Board of Probation and Parole ("Board"). On October 24, 2011,[4] the trial court submitted a request to the Board that Blank be placed on special probation and remain under the Board's supervision.

_____

[3] Blank also pled guilty to recklessly endangering another person, 18 Pa.C.S. § 2705, and was sentenced to a concurrent term of 1 to 2 years' incarceration.

[4] The request for special probation/parole supervision was dated October 20, 2011, but was signed on October 24, 2011 and filed with the Erie County Clerk of Courts on October 31, 2011.

On January 4, 2016, Blank pled guilty to acquiring a controlled substance by misrepresentation[5] and received a sentence of 5 to 12 months' incarceration. On January 29, 2016, the trial court held a probation revocation hearing, wherein Blank's counsel stated that, "because of nature of the timing in all of this, he is [or was] still facing a revocation for the state parole portion":

> [BLANK'S COUNSEL]: I did check with his probation – parole officer. Basically, he is going back for the revocation proceedings with the state system. And my guess, in all likelihood, they will probably give him something out of it. And they will probably include treatment as a portion of that. And for that reason, Your Honor, because of the new sentence and because of the other sentence – I know it may be an unusual request – I'd ask the Court to continue the probation tail that the Court had originally imposed, the three years, and make it consecutive to the sentence that is currently in place.

N.T., 1/29/16, at 8. The trial court found that Blank violated the terms of his parole and probation, revoked Blank's parole and probation, and imposed a new sentence as follows:

> THE COURT: I'm going to do the following. I thought about this case. I'm going to do the following: I'm going to revoke – on the firearm charge, I'm going to revoke. I'm going to impose a sentence one and a half to five, State. It's my intention that be consecutive to any other State sentence he's serving on the new conviction or on his old conviction on the back time. So I'm going to add a year and a half minimum to what he's serving now.

*Id.* at 9.

---

[5] 35 P.S. § 780-113(a)(12).

That same day, Blank filed a post-sentence motion, alleging that he still faced revocation before the Board and, as such, the trial court could only impose incarceration on Blank for the revoked three-year period of probation. On February 1, 2016, the trial court denied the motion. On February 8, 2016, Blank filed a motion to correct illegal sentence, asserting the same issue as in his earlier post-sentence motion. The trial court granted this motion on February 9, 2016, amending Blank's sentence to credit him with all time served on this conviction. Blank filed a notice of appeal on February 29, 2016.

Blank's sole stated issue on appeal is "[w]hether [his] sentence is illegal due to the fact that the trial court's sentence exceeded the maximum possible sentence following the probation revocation." Blank's Br. at 3.

"[T]he scope of review in an appeal following a sentence imposed after probation revocation is limited to the validity of the revocation proceedings and the legality of the sentence imposed following revocation." *Commonwealth v. Infante*, 888 A.2d 783, 790 (Pa. 2005). Any claim that a "sentence imposed exceeds the statutory maximum . . . . implicates the legality of a sentence [and] presents a pure question of law." *Commonwealth v. Taylor*, 104 A.3d 479, 489 (Pa. 2014). "Our standard of review of such questions is *de novo* and our scope of review is plenary." *Commonwealth v. Akbar*, 91 A.3d 227, 238 (Pa.Super. 2014).

Blank argues that the trial court imposed an illegal sentence because he had already served time on the original sentence, and apparently would

likely serve the full two years based on revocation of parole by the Board, so the trial court only "had the remaining three (3) years from which to fashion an appropriate sentence." Blank's Br. at 7. Thus, according to Blank, the trial court's imposition of a maximum sentence of 5 years' incarceration actually imposes an aggregate maximum sentence of 7 years' incarceration, which exceeds the maximum allowable sentence of 5 years' incarceration on his firearm conviction, a first-degree misdemeanor. *Id.*

The Commonwealth responds that Blank's sentence was legal because the sentence did not exceed the statutory maximum. Cmwlth's Br. at 2. According to the Commonwealth, "[a]s long as the new sentence imposed does not exceed the statutory maximum when factoring in the incarcerated time already served, the sentence is not illegal." *Id.* (quoting *Commonwealth v. Crump*, 995 A.2d 1280, 1285 (Pa.Super. 2010)). The Commonwealth argues that "the sentence on its face is within the statutory maximum and the lower court ensured that [Blank] received all credit for which he was due." *Id.* at 2-3.

We agree with the Commonwealth. It is well settled that upon revocation of probation, "a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration."[6] *Commonwealth v. Swope*, 123 A.3d 333, 338

---

[6] Section 9771(c) of the Sentencing Code imposes some limitations on when a sentencing court may impose a sentence of total confinement:
*(Footnote Continued Next Page)*

- 5 -

(Pa.Super. 2015) (citing 42 Pa.C.S. § 9771(b)). Further, pursuant to 42 Pa.C.S. § 9760, a sentencing court may impose a statutory maximum sentence as long as the defendant receives credit for time served such that he is not incarcerated in excess of the statutory maximum. *Commonwealth v. Williams*, 662 A.2d 658, 659 (Pa.Super. 1995). In *Williams*, we held that, after revoking probation, the trial court erred in sentencing the defendant to a statutory maximum and failing to credit the defendant for 23 months already served on the original sentence. *Id.* We vacated the defendant's judgment of sentence and remanded with instructions to impose a revised sentence that did not exceed the statutory maximum by subtracting the time served (as well as time held on a probation detainer) from the statutory maximum sentence. *Id.*

_____
*(Footnote Continued)*

**(c) Limitation on sentence of total confinement.--**The court shall not impose a sentence of total confinement upon revocation unless it finds that:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c).

We conclude that Blank is not entitled to relief. The trial court corrected its sentence to include credit for time served. Therefore, Blank will receive credit for time spent incarcerated as a result of the firearms conviction, and the trial court merely left the time-served calculation to the Pennsylvania Department of Corrections.[7] Because Blank will be given credit for any time served on the original sentence, we conclude that the trial court appropriately ensured that Blank will only be subject to a five-year maximum period of incarceration.

Further, Blank's argument regarding the trial court's inability to resentence him on his original period of incarceration is meritless. Whatever action the Board has taken or may take with respect to Blank's alleged parole violation,[8] it is clear that the trial court retained jurisdiction to revoke Blank's probation and sentence him to a period of incarceration. **See Swope**, 123 A.3d at 338. The new sentence was imposed upon the same

---

[7] Should Blank have a grievance with the Pennsylvania Department of Corrections' time-served calculation, he still has a form of redress. **See, e.g., Allen v. Dep't of Corrections**, 103 A.3d 365 (Pa. Cmwlth. 2014).

[8] The authority to revoke parole on sentences that impose incarceration with a maximum of two years or more is vested in the Board. The authority to revoke parole on sentences that impose a maximum incarceration of less than two years is vested in the Courts of Common Pleas. **See** 61 Pa.C.S. § 6132; **see also Commonwealth v. Tilghman**, 673 A.2d 898, 901 (Pa. 1996) (addressing the predecessor to 61 Pa.C.S. § 6132, which has since been repealed but was similarly worded).

conviction and replaced the prior split sentence of incarceration and probation, while giving Blank credit for any time served on the conviction.[9]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/27/2017

---

[9] Our decision in no way divests the Board of its authority to recommit parole violators. Rather, we reaffirm that the sentencing court, upon revocation, may re-incarcerate probation violators to a statutory maximum as long as the violator is credited with time previously served on the conviction.