J-S28030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
SHERICE L. CHESTER :
:
Appellant : No. 1151 MDA 2017

Appeal from the Judgment of Sentence, June 26, 2017,
in the Court of Common Pleas of Dauphin County,
Criminal Division at No(s): CP-22-CR-0000063-2017,
CP-22-CR-0000583-2011, CP-22-CR-0002697-2010,
CP-22-CR-0002701-2010, CP-22-CR-0002971-2011,
CP-22-CR-0003653-2010, CP-22-CR-0006619-2014.

BEFORE: OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED JUNE 28, 2018**

Sherice Chester appeals from the judgment of sentence imposed after her probation was revoked following violation of the conditions of her house arrest and her admitted unauthorized consumption of alcohol. She challenges the discretionary aspect of her sentence. We affirm.

The underlying facts of this case are largely irrelevant because the challenge here is to Chester's sentence. Briefly, Chester has a lengthy criminal record with offenses occurring between 2010 and 2017. Namely, these charges include terroristic threats with intent to terrorize another; simple assault; carrying firearms without a license; unlawful possession of a controlled substance; and multiple instances of retail theft.

On June 26, 2017, Chester appeared before the court for revocation of her probation. Following the Commonwealth's presentation of evidence, showing Chester violated her electronic monitoring by tampering with the electronic bracelet and consuming alcohol, the trial court revoked her probation on multiple dockets and imposed an aggregate sentence of four to eight years. Trial Court Opinion, 10/11/17, at 2-3.

Chester's appeal challenges the length of the trial court's sentence, claiming it is excessive and constitutes an abuse of discretion. "There is no absolute right to appeal when challenging the discretionary aspect of a sentence." *Commonwealth v. Crump,* 995 A.2d 1280, 1282 (Pa. Super. 2010). An appellant must petition for allowance of appeal pursuant to 42 Pa.C.S.A. § 978, and, therefore, before the merits of the claim can be reached, a four-part analysis must be done. *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa. Super. 2011); *Commonwealth v. Hanson,* 856 A.2d 1254 (Pa. Super. 2004). This analysis requires us to determine: 1) whether the present appeal is timely; 2) whether the issue raised on appeal was properly preserved; 3) whether a statement pursuant to Pa.R.A.P. 2119(f); and 4) whether a substantial question that the sentence is not appropriate under the sentencing code has been raised. *Id*.

Chester filed a timely notice of appeal and preserved her claim in a post-sentence motion for reconsideration. A statement pursuant to Pa.R.A.P. 2119(f) was included in her brief. *See* Chester's Brief at 9-13. Because she

satisfies the first three parts of the analysis, we turn to the fourth part, i.e. whether Chester has raised a substantial question

The determination of whether there is a substantial question about the appropriateness of a sentence is made on a case-by-case basis. *Commonwealth v. Sierra*, 752 A.2d 910, 912-13 (Pa. Super. 2000) *citing Commonwealth v. Brown,* 741 A.2d 726, 735 (Pa. Super. 1999). This Court will grant an appeal "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.*

Chester's Rule 2119(f) statement reads in pertinent part:

> [Chester] submits that she has raised a substantial question as to the appropriateness of the sentence under 42 Pa.C.S. §§ 9725, 9771 (c), and 9781 (c)(2).

> In the case sub judice, [Chester's] sentence of four (4) years to eight (8) years of state incarceration is excessive, unreasonable, and constitutes too severe a punishment in light of the rehabilitative needs of [Chester] where the punitive measures inherent in this sentencing scheme could have been accomplished with the imposition of a lesser sentence. Specifically, Appellant asserts the sentencing court should have taken into consideration the trivial nature of her technical violations in light of her need for rehabilitation.

Chester's Brief at 12-13.

This court has held that probation revocation based on a technical violation will raise a substantial question because such a revocation will

implicate the "fundamental norms which underlie the sentencing process." **Crump**, 995 A.2d at 1282.

Accordingly, we conclude Chester has raised a substantial question and we will consider the merit of her sentencing challenge. In doing so, we note that Chester did not argue that the trial court erred in sentencing her to total confinement, but only that the sentence was excessive.

Imposition of a sentence following the revocation of probation is within the discretion of the trial court, absent abuse of that discretion, the sentence will not be disturbed on appeal. **Commonwealth v. Coolbaugh**, 770 A.2d 788, 792 (Pa. Super. 2001). In **Coolbaugh** we stated that once probation has been revoked a sentence of total confinement is permissible if: "1) the defendant has been convicted of another crime; or 2) the conduct of the defendant indicates that it is likely he will commit another crime if he is not imprisoned; or 3) such a sentence is essential to vindicate the authority of the court. **Id**.

Our standard of review when analyzing the discretionary aspects of sentencing is well established:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Booze*, 953 A.2d 1263, 1278-79 (Pa. Super. 2008).

A sentence can constitute an abuse of discretion where it is so excessive as to constitute too severe a punishment. *Commonwealth v. Mehalic*, 555 A.2d 173, 184 (Pa. Super. 1989). When determining whether an abuse of discretion has taken place, this court examines whether the trial court examined the facts and circumstances of the crime, and the background and character of the defendant, in addition to any information in the record bearing on the degree of punishment. *Id*. Also, when determining whether a trial court sentence was proper, we will examine whether the sentencing judge's statements have given individualized consideration to the character of the defendant. *Commonwealth v. Ritchey*, 779 A.2d 1183, 1187 (Pa. Super. 2001).

Chester contends that the trial court's sentence is excessive because it is not consistent with the protection of the public, the gravity of the offenses, and her rehabilitative needs. She also contends that the court focused solely on the nature of the criminal conduct and the need to protect others, while discounting mitigating factors such as her mental health diagnosis, her disadvantageous family structure as a single mother of two, her full-time employment status and enrollment in college level courses, and that she does not need to spend a substantial portion of her adult life in prison in order for the public to be protected. Chester Brief at 18-19.

During the revocation proceedings, the trial judge commented:

>    Ms. Chester has continued not to take responsibility for her actions regardless of – she can throw whatever attitude she wants at this court. She has gotten a multitude of opportunities. This record is replete… with a multitude of opportunities since 2010 – I note for the record that this is 2017 – that she has gotten and the time has come for her to be not just punished for her conduct but punished for her refusal to follow the rules and respect the rules. It's as simple as that. Until she is punished and told the party is over; she's going to continue to do this.

N.T. 6/26/17 at 10.

The trial court specifically noted the numerous opportunities Chester had for rehabilitation, yet she continued to commit both additional crimes and violations of her probation. N.T. 6/26/17 at 9. Additionally, the trial court's opinion further explains that Chester fragrantly disregarded the conditions of rehabilitation related to electronic monitoring and the prohibition against alcohol use, she had a contentious demeanor toward the court, and despite numerous opportunities for intermediate punishment Chester chose to ignore the conditions of her probation. Trial Court Opinion, 10/11/17, at 4. We see that there are indications that probation and intermediate punishment had no rehabilitative effect on Chester and, therefore, total confinement is necessary when considering her rehabilitative needs. Chester's disregard for the rules of her intermediate punishment and continued violations indicate that she is also likely to commit crimes while on probation, and the sentence imposed was "essential to vindicate the authority of the court." ***Coolbaugh***, 770 A.2d at 792.

Chester's argument that the trial judge only considered the seriousness of her offenses when determining her sentence is without merit. During the revocation proceedings, Chester's circumstances and condition were outlined to the trial judge, allowing the judge to weigh them against the other factors at issue, namely her repeated offenses and violations. These repeated offenses and violations of her intermediate punishment and probation indicate the ineffectiveness of her previous rehabilitative methods. As such, the only alternative course of action for the trial court was Chester's total confinement in order to both vindicate its authority and prevent Chester from committing any further crimes.

The length of the sentence is not excessive. Chester had ample time in both intermediate punishment and on probation to rehabilitate, yet continued down the same path. As her aggregate sentence does not exceed the maximum allowable sentence when accounting for time already served the sentence is permissible. *Commonwealth v. Williams,* 662 A.2d 658 (Pa. Super. 1995).

There was no abuse of discretion by the sentencing court. The court did not ignore or misapply the law, it did not exercise judgement with any bias, prejudice, or ill-will, nor did it arrive at a manifestly unreasonably decision. *Booze,* 953 A.2d at 1278-79. As such, the sentence will not be disturbed. Chester's disagreement with the trial court's belief that the four to eight year sentence was necessary for her rehabilitation does not entitle her to relief. In

essence, Chester asks this Court to substitute our judgment for that of the sentencing court. This we will not do. ***See Commonwealth v. Williams***, 562 A.2d 1385, 1388 (Pa. Super. 1989).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/28/2018