J-S46045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RALPH JOSEPH DEROGATIS, :
:
Appellant. : No. 511 EDA 2018


Appeal from the Judgment of Sentence, January 19, 2018,
in the Court of Common Pleas of Northampton County,
Criminal Division at No(s): CP-48-CR-0004103-2016.


BEFORE: BOWES, J., SHOGAN, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED OCTOBER 23, 2018**

Ralph Joseph Derogatis appeals from the judgment of sentence imposed after his *Gagnon II* hearing where the court found him in violation of his probation. Derogatis' counsel filed a petition to withdraw, in which he alleges that this appeal is wholly frivolous. Agreeing with counsel's assessment, we grant his petition to withdraw and affirm Derogatis' judgment of sentence.

On November 19, 2016, Derogatis was arrested for driving under the influence. Unable to post bail, Derogatis remained incarcerated from the time of his arrest until the time of his hearing. On January 12, 2017, Derogatis pleaded guilty, was sentenced to 7 days to 6 months incarceration, and was immediately paroled. Derogatis failed to report to his probation officer on the designated report dates. A petition for review of parole was filed on April 7, 2017, and the *Gagnon* I was hearing scheduled for May 1, 2017. After

Derogatis failed to appear for this hearing, the trial court issued a bench warrant.

Derogatis was detained in an adult correction center in New Brunswick, New Jersey under a fugitive from justice warrant. The record fails to verify the exact date Derogatis was taken into custody, however, it indicates that Derogatis filed a brief on October 12, 2017, with the trial court in Northampton County, Pennsylvania while incarcerated in New Jersey. Derogatis was delivered to the Northampton County Prison on December 20, 2017.

A **Gagnon** I hearing was held on December 28, 2017. On January 2, 2018, Derogatis filed a *pro se* petition for writ of habeas corpus, which the trial court treated as a PCRA petition. The trial court appointed current counsel to represent Derogatis on this petition. On January 12, 2018, Derogatis withdrew his PCRA petition with prejudice.

The court held the **Gagnon** II hearing on January 19, 2018. Derogatis' parole officer testified that Derogatis violated his probation by failing to report. The parole officer further testified that Derogatis had a detainer from Berks County based on charges for felony retail theft and receiving stolen property, which allegedly occurred in January 2017. The parole officer and the trial court agreed that Derogatis' probation should be removed and that he be immediately paroled him to his detainer from Berks County. Derogatis' attorney did not oppose this recommendation.

Accordingly, the trial court found Derogatis had violated his probation, revoked his probation, and held him on his Berks County detainer. Derogatis

is currently in Berks County Prison, serving time for the separate aforementioned theft charges. Derogatis filed a timely post-sentence motion for reconsideration, which the trial court denied. On February 13, 2018, Derogatis filed a timely notice of appeal from his **Gagnon** II sentence. On February 14, 2018, Derogatis' counsel filed a notice of intent to file an **Anders** brief pursuant to Rule of Appellate Procedure 1925(c)(4). We address the **Anders** brief first.

"When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super. 2010). In **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), the Pennsylvania Supreme Court explained what must be included in an **Anders** brief:

> [T]he **Anders** brief that accompanies court-appointed counsel's petition to withdraw . . . must (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

"While the Supreme Court in **Santiago** set forth the new requirements for an **Anders** brief, which are quoted above, the holding did not abrogate the notice requirements set forth in [**Commonwealth v. Millisock**, 873 A.2d

748, 751 (Pa. Super. 2005)] that remain binding precedent." ***Daniels***, 999 A.2d at 594. Thus, counsel seeking to withdraw on direct appeal must meet the following obligations to his or her client:

> Counsel also must provide a copy of the ***Anders*** brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the ***Anders*** brief.

***Commonwealth v. Orellana***, 86 A.3d 877, 880 (Pa. Super. 2014) (citation omitted).

Our review reveals that Derogatis' counsel substantially complied with the requirements of ***Anders*** and ***Santiago***. "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." ***Commonwealth v. Goodwin***, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*) (citation omitted). Recently, this Court, in an *en banc* opinion, clarified that Anders requires the reviewing court to examine the entire record to determine whether any meritorious issues appear to exist or if the case is completely frivolous. ***Commonwealth v. Dempster***, 187 A.3d 266, 271-72(Pa. Super. 2018). This Court stated:

> Although the ***Anders*** Court did not delineate the exact meaning of "full examination of all the proceedings," the Pennsylvania Supreme Court recognized in Santiago, supra, that only "complete frivolity ... supports counsel's request

- 4 -

to withdraw and a court's order granting the request." The **Santiago** Court further observed that **Anders** not only requires counsel to conduct an exhaustive examination of the record, but also "place[s] the responsibility on the reviewing court to make an independent determination of the merits of the appeal."

Further, this Court has stated that "part and parcel of **Anders** is our Court's duty to review the record to insure no issues of arguable merit have been missed or misstated." This view comports with the main purpose of **Anders**, which is to make sure that an appellant is provided with adequate counsel as required by the Sixth Amendment of the U.S. Constitution. Ultimately, our Court's overriding task is to ensure that a criminal defendant's loss of liberty is reviewed with the gravity with which it is entitled. When counsel seeks to withdraw, **Anders** requires nothing less.

In light of the constitutional rights at issue, we must give **Anders** a most generous reading and review "the case" as presented in the entire record with consideration first of issues raised by counsel. Contrary to the Dissenting Opinion in **Flowers, supra**, this review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated.

**Id**. at 271-72.

In his brief, counsel states Derogatis' primary issue on appeal is whether the court erred in imposing the sentence following his **Gagnon** II hearing. Specifically, Derogatis claims that he should immediately be released from prison because he has exceeded the maximum sentence – six months – for his conviction in the Northampton County case.

Relevant to this appeal, our scope of review from a judgment of sentence following a probation revocation "is limited to the validity of the revocation proceedings and the legality of the final judgment of sentence."

- 5 -

*Commonwealth v. Williams*, 662 A.2d 658, 659 (Pa. Super. 1995) (citation omitted); *see also Commonwealth v. Cartrette*, 83 A.3d 1030, 1033-34 (Pa. Super. 2013) (holding that this Court's scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges). Our review of the record does not support Derogatis' claim that he has been incarcerated for longer than his maximum sentence.

42 Pa.C.S.A. §9760(1) computes the credit for time served, and provides that:

> credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

The case docket indicates that Derogatis was first arrested on November 19, 2016, for DUI and remained in custody until his hearing on January 12, 2017. On that date, he pleaded guilty and was immediately paroled. As such, he accumulated fifty-five (55) days in custody between his arrest date and his hearing date. According to defense counsel, the only additional time Derogatis served was from December 19, 2017, to January 23, 2018, when he was transported back to Northampton County Prison, awaiting his *Gagnon* II hearing, and then transferred to Berks County on their detainer for unrelated charges. Defense counsel argues that "while such [total] time amounts to approximately three months in prison, it does not equal or exceed Derogatis'

original six-month maximum sentence for the Northampton County DUI offense." **Anders** Brief at 11.

However, in the PCRA petition he withdrew, Derogatis alleged that he had been incarcerated in New Jersey since September 2, 2017, based on a fugitive from justice warrant until he was transferred back to Northampton County on December 19, 2017. In this appeal, Derogatis offered no evidence to substantiate his claim that his incarceration in New Jersey began on September 2, 2017. However, the record reveals that on October 12, 2017, Derogatis filed a *pro se* motion for dismissal of the fugitive from justice warrant while incarcerated in New Jersey. Although the record does not confirm that Derogatis was detained in September, it does establish that Derogatis was in custody at least from October 12, 2017, until he was transferred back to Northampton County on December 19, 2017.

As such, the total confirmed time Derogatis spent incarcerated in New Jersey was 69 days and the total time he spent incarcerated in Northampton County, after his transfer from New Jersey, was 35 days. Taking these days together with the initial 55 days he spent in custody leading up to his first hearing, the record shows Derogatis spent a total of 159 days incarcerated. This time does not equal or exceed Derogatis' original six-month maximum sentence for the Northampton County DUI offense.

Even if Derogatis could establish that his incarceration in New Jersey began on September 2, 2017, which would demonstrate he exceeded his maxiumum a sentence, he is currently in prison in Berks County for an

unrelated matter. The time Derogatis served for his DUI in Northampton County has no bearing on his prison time relating to the separate case in Berks County. Thus, even if Derogatis has served more than his maximum sentence, any additional time served on Northampton County charges cannot be credited to his Berks County sentence. Section 9760(2) explains when a court must grant credit to a current sentence for time accumulated while in custody under a prior sentence.

> Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody under a prior sentence if he is later reprosecuted and resentenced . . . for another offense *based on the same act* or acts.

(emphasis added).

Thus, the trial court cannot credit Derogatis with time he may have unlawfully served for his DUI, because he is currently in custody based on theft charges. The theft charges did not stem from the same criminal acts that lead to his DUI conviction.

In sum, our review of the record reveals the revocation proceeding was valid and the sentence imposed was legal. Considering the evidence of record, Derogatis has not substantiated his claim that he was, in fact, incarcerated longer than his maximum sentence for his Northampton County charges. His claim that he should be immediately released is without merit. We, therefore, agree with counsel's assessment that the issues raised by Derogatis are frivolous. Furthermore, our independent review of the record reveals no other

non-frivolous bases for this appeal.  ***Dempster***, ***supra***.  Thus, we conclude this appeal is "wholly frivolous."

Petition to withdraw granted.  Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/23/18