J-S73037-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VICTOR J. KELLER, JR., | : | |
| | : | |
| Appellant | : | No. 1228 MDA 2019 |

Appeal from the Judgment of Sentence Entered March 27, 2018
in the Court of Common Pleas of Luzerne County
Criminal Division at No(s):  CP-40-CR-0002439-2007

BEFORE:  SHOGAN, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED FEBRUARY 26, 2020**

Victor J. Keller, Jr. ("Keller"), appeals from the judgment of sentence imposed following the revocation of his probation.  We affirm.

On September 4, 2008, Keller entered an open guilty plea to rape of a child and intimidation of witnesses.  Following preparation of a pre-sentence investigation report, the trial court sentenced Keller to a term of 5 to 10 years in prison, followed by 7 years of probation.  This Court affirmed Keller's judgment of sentence on August 31, 2010.  ***See Commonwealth v. Keller***, 11 A.3d 1044 (Pa. Super. 2010) (unpublished memorandum).

When Keller was released from prison in January 2017, he did not have an appropriate home plan.  Thus, by an Order entered on January 20, 2017, the trial court directed that Keller report to the Luzerne County Work Release Program immediately upon his release from state prison until a home plan could be approved.

On June 1, 2017, the trial court issued an Order notifying Keller that it had requested that the Pennsylvania Board of Probation and Parole ("the Board") provide special probation supervision. The Order also informed Keller that he would be required to comply with the Board's special conditions for sex offenders, as well as any additional special conditions imposed by the Board. On February 6, 2018, Keller was detained for violations of his probation, and the Board notified the trial court of the violations (*i.e.*, failing to complete sex offender treatment, viewing pornography, visiting an adult bookstore, seeking out prostitutes, and staying in an unapproved residence) and requested a hearing.

The trial court conducted a **Gagnon II**[1] hearing on March 27, 2018. The court found Keller in violation of probation by his own admission. The trial court sentenced Keller to a term of 24 to 84 months in prison, with credit for his time served since February 6, 2018. Keller filed a Motion to Reconsider the revocation sentence, which the trial court denied.

Keller, *pro se*, filed a Petition for relief pursuant to the Post Conviction Relief Act ("PCRA")[2] on January 17, 2019. The PCRA court appointed Keller counsel, who filed a Supplemental PCRA Petition, asserting that trial counsel had failed to file a notice of appeal despite Keller's stated desire to appeal the

---

[1] **See Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

[2] 42 Pa.C.S.A. §§ 9541-9546.

revocation sentence. On July 15, 2019, the PCRA court issued an Order reinstating Keller's direct appeal rights, *nunc pro tunc*. Keller, through counsel, thereafter filed a Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement.

Keller now raises the following questions for our review:

1. Whether the revocation court erred by not giving [] Keller time credit for the time he spent at the Luzerne County Prison Work Release Center while on probation[,] and prior to being released into the general public[,] as asserted in [] Keller's post-sentence [M]otion?

2. Whether the revocation court erred by revoking [Keller's] special probation[,] since the Commonwealth never proved that [] Keller had knowledge of the special probation conditions[;] any evidence demonstrating [] Keller's knowledge of the special probation conditions was not properly admitted into evidence during the revocation hearing[;] and the Commonwealth did not present sufficient evidence to prove that [] Keller actually violated any terms of his special probation?

3. Whether the revocation court erred by finding that [] Keller admitted to knowingly violating his special probation?

Brief for Appellant at 4 (some capitalization omitted).

In his first claim, Keller argues that the trial court erred by failing to give him time credit for the time he spent in the Luzerne County Work Release Program following his release from prison. *Id.* at 10. Keller claims that his work release had sufficient custodial aspects to be considered confinement, because he would have been charged with a probation violation if he had left the fenced-in facility without permission. *Id.* at 10-12.

"A claim asserting that the trial court failed to award credit for time served implicates the legality of the sentence. Issues relating to the legality

of a sentence are questions of law.  Our standard of review over such questions is *de novo* and the scope of review is plenary."  ***Commonwealth v. Gibbs***, 181 A.3d 1165, 1166 (Pa. Super. 2018) (citations omitted).

The Sentencing Code provides, in relevant part, as follows regarding credit for time served:

**§ 9760. Credit for time served**

….

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based.  Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S.A. § 9760(1).  Section 9760 also applies to defendants who spend time in custody on a probation violation detainer.  ***See Commonwealth v. Williams***, 662 A.2d 658, 659 (Pa. Super. 1995) (concluding that appellant was entitled to credit for time served on probation violation detainer); ***see also generally Gaito v. Pa. Bd. of Prob. and Parole***, 412 A.2d 568, 571 (Pa. 1980) (holding that a defendant held in custody solely due to a detainer lodged by the Board is entitled to credit for time served).

Keller was therefore entitled to credit for the time he spent in custody prior to his ***Gagnon II*** hearing, as a result of the probation violation detainer.

However, Keller's time at the Luzerne County Work Release Program[3] was not part of the original sentencing scheme, nor was it a condition of Keller's probation. Keller also never challenged the trial court's order regarding work release until he was subsequently detained for probation violations. Rather, Keller was directed to report to the Luzerne County Work Release Program as a result of his own failure to arrange an adequate home plan. Moreover, during the **Gagnon II** hearing, Keller's counsel specifically indicated that Keller had been lodged since February 6, 2018, *i.e.*, the day he was detained for the probation violation. N.T., 3/27/18, at 7. We therefore conclude that the trial court did not err in declining to award Keller credit for time served in work release.

In his second claim, Keller contends that the trial court improperly revoked his special probation, where the Commonwealth failed to prove that Keller had knowledge of the conditions of his probation. Brief for Appellant at 13. Keller claims that "[t]he Commonwealth never submitted [] Keller's special probation conditions into evidence or provided appropriate testimony that [] Keller was advised of the conditions of his special probation." *Id.* at 14.

> Revocation of a probation sentence is a matter committed to the sound discretion of the trial court[,] and that court's decision will not be disturbed on appeal in the absence of an error

---

[3] Although Keller argues that he was at the Luzerne County Work Release Program for approximately 9 months, it is unclear from the record when he was released.

of law or an abuse of discretion. The Commonwealth establishes a probation violation meriting revocation when it shows, by a preponderance of the evidence, that the probationer's conduct violated the terms and conditions of his probation, and that probation has proven an ineffective rehabilitation tool incapable of deterring [the] probationer from future antisocial conduct.

*Commonwealth v. Perreault*, 930 A.2d 553, 558 (Pa. Super. 2007) (citations omitted).

Initially, we observe that Keller failed to support this claim with discussion of *relevant* legal authority, instead summarizing the law regarding witnesses' oath to testify truthfully and arguments of counsel. *See* Pa.R.A.P. 2119(a) (providing that an appellant's argument shall include "such discussion and citation of authorities *as are deemed pertinent*." (emphasis added)).

Further, in its Opinion, the trial court stated that it did not need to conduct a full revocation hearing because Keller admitted to the underlying conduct. *See* Trial Court Opinion, 9/12/19, at 2 (unnumbered). At the *Gagnon II* hearing, Keller's counsel indicated to the court that Keller admitted to the conduct underlying the violations. N.T., 3/27/18, at 2. Additionally, when the trial court asked Keller whether he realized "you can't frequent prostitutes[,]" Keller replied, "Yeah, I messed up." *Id.* at 3. The trial court therefore found Keller to be in violation of his probation based upon his admissions. *Id.* at 6. Further, the record contains a copy of the "Conditions

Governing Special Probation," which Keller signed in June 2017.[4]  The Conditions specifically state the requirements that Keller comply with Board Special Conditions for Sex Offenders, as well as any optional special conditions imposed by the Board.  Based upon his written acknowledgement of the Conditions, as well as his admissions during the **Gagnon II** hearing, Keller cannot now claim ignorance of these requirements.  Thus, Keller's second claims lacks merit.

In his third claim, Keller asserts that the trial court improperly determined that Keller admitted to knowingly violating the terms of his special probation.  Brief for Appellant at 17.  Instead, Keller argues, he admitted only to committing the specific acts that were alleged to be violations.  **Id.**  Keller claims that he was not aware that such actions would be considered violations of his probation.  **Id.** at 17-18.

Keller failed to preserve this claim in his Concise Statement.  Pa.R.A.P. 1925(b)(4)(vii) (providing that "[i]ssues not included in the Statement … are waived.").  Keller additionally failed to support his claim with citations to relevant legal authority.  Pa.R.A.P. 2119(a); **Commonwealth v. McMullen**, 745 A.2d 683, 689 (Pa. Super. 2000) (stating that "[w]hen the appellant fails to adequately develop his argument, meaningful appellate review is not

---

[4] Appearing above the signature line is Keller's express acknowledgement of the following:  "I hereby acknowledge that I have read, or have had read to me, the foregoing conditions of my probation/parole; I fully understand them and agree to follow such conditions and fully understand the penalties involved should I in any manner violate them."  Conditions Governing Special Probation, at 2.

possible." (citation omitted)).  Thus, Keller's final claim is waived.  Further, as stated above, Keller admitted to the conduct during the ***Gagnon II*** hearing, and had explicitly acknowledged his understanding of his special probation conditions by signing the relevant documents.  ***See*** N.T., 3/27/18, at 2-3.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/26/2020