J-A22010-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRAXTON JOHN MOORE | : | |
| | : | |
| Appellant | : | No. 330 MDA 2021 |

Appeal from the Judgment of Sentence Entered February 18, 2021
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0000155-2019

BEFORE:  BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY BOWES, J.:                    **FILED: DECEMBER 22, 2021**

Braxton Moore appeals from the February 18, 2021 order which revoked his prior probationary sentence for simple assault and imposed a new sentence of one to two years of incarceration.  We vacate the sentence and remand to the trial court for resentencing in accordance with this memorandum.

In 2018, Pottsville Police arrested Appellant for attacking his wife with a rock and a tree branch.  On June 25, 2019, Appellant entered a negotiated plea to simple assault and recklessly endangering another person ("REAP"), in exchange for a sentence of six to twenty-three months of incarceration for REAP and a split sentence of six to twelve months of incarceration followed by six to twelve months of probation for the simple assault.  The periods of confinement were run concurrently and Appellant received 219 days of time credit.

On July 31, 2019, Appellant was granted parole to a drug recovery house. On August 11, 2020, Appellant was arrested for an incident during which he possessed a firearm and drug paraphernalia. As a result, the Schulykill County Adult Probation moved to revoke Appellant's probation on the simple assault charge.

On February 18, 2021, the court held a hearing on the motion. At the hearing, Appellant stipulated that he had: (1) failed to report to probation multiple times; (2) been arrested for possessing a firearm, carrying a firearm without a license, receiving stolen property, and possession of drug paraphernalia for the August 11, 2020 incident; (3) failed to make monthly payments on his costs and fines; (4) been discharged due to noncompliance with drug and alcohol counselling; and (5) been using methamphetamine and heroin daily since June of 2020. *See* N.T. Probation Revocation Hearing, 2/18/21, 3-7. Based on the stipulations, the court revoked Appellant's probation and resentenced him to one to two years of incarceration.[1] Appellant received 183 days credit for time he spent detained for the revocation. *See* Order, 2/18/21.

_____

[1] Since Appellant had completed the parole portion of his split sentence before he violated his probation, Appellant's sentence did not involve an anticipatory probation revocation. Accordingly, our recent holding that Pennsylvania sentencing courts lack the statutory authority to revoke a probationary sentence when a defendant commits a new crime before his probation has commenced is not implicated here. *See Commonwealth v. Simmons*, ____ A.3d ____, 2021 PA Super 166, 2021 WL 3641859 (Pa.Super. 2021) (*en banc*).

Appellant filed *pro se* correspondence indicating that he wanted to file a direct appeal and asked the court to appoint counsel. The court construed these filings as a timely notice of appeal and held a hearing regarding whether counsel would be appointed. At the hearing, the court appointed counsel to represent Appellant on appeal. Thereafter, counsel filed a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) and the trial court submitted its Rule 1925(a) opinion.

Appellant raises two issues for our review:

1.     Did the court err in sentencing [Appellant] to one to two years at a state correctional facility on a second[-]degree misdemeanor after previously sentencing him to [six] to [twelve] months on split sentence for the same charge?

2.     Was [Appellant] denied effective assistance of counsel when counsel failed to obtain and present mitigating evidence at his probation revocation hearing?

Appellant's brief at 3.

First, Appellant alleges that he received a sentence that exceeded the statutory maximum. The issue of whether a sentence is illegal is a question of law and our scope of review is plenary. *See Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa.Super. 2010). "[C]ourts have long held the failure to award credit for time served prior to sentencing involves the legality of sentence." *Commonwealth v. Foster*, 960 A.2d 160, 170 n. 5 (Pa.Super. 2008).

Appellant was convicted of simple assault, a second-degree misdemeanor. The maximum sentence allowable under the law for a second-

degree misdemeanor is two years. *See* 18 Pa.C.S. § 1104. Appellant contends that when the initial time he spent incarcerated is added to the revocation sentence of incarceration, the amount of time exceeds the statutory maximum of two years. We agree.

In Pennsylvania, our legislature has codified pre-sentence confinement credit in the following manner:

> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

> (2) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody under a prior sentence if he is later reprosecuted and resentenced for the same offense or for another offense based on the same act or acts. This shall include credit in accordance with paragraph (1) of this section for all time spent in custody as a result of both the original charge and any subsequent charge for the same offense or for another offense based on the same act or acts.

42 Pa.C.S. § 9760.

This Court has held that § 9760 mandates that "all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based" must be credited to a defendant. *Commonwealth v. Johnson*, 967 A2d 1001, 1005 (Pa.Super. 2009) (quoting 42 Pa.C.S. § 9760(1)); *see also Commonwealth v. Williams*, 662 A.2d 658 (Pa.Super. 1995) (relying upon § 9760(1) and

holding that the trial court must credit time served if a sentence imposed following revocation of probation would otherwise exceed the maximum sentence allowed by law).

Herein, Appellant spent thirty-six days incarcerated after sentencing. He also received an additional 219 days of credit for time he spent incarcerated on this charge pre-sentence. Accordingly, at the revocation hearing, Appellant had already spent 255 days incarcerated on the simple assault charge.[2] At the resentencing hearing, the court gave Appellant credit for the 183 days he was incarcerated on the revocation detainer, but did not award credit for the time that Appellant served on his original sentence. **See** Order, 2/18/21. This was error. Under established case law discussed *infra* the trial court was required to credit Appellant with all time served pursuant to § 9760.

_____

[2] Appellant was also serving the sentence on the REAP charge simultaneously. Since, the sentences were run concurrently that fact does not impact our analysis.

Judgment of sentence vacated.  Case remanded for resentencing.  Jurisdiction is relinquished.[3]


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/22/2021

---

[3] Counsel also included an ineffective assistance of counsel claim, at Appellant's request, that counsel concedes is not properly raised in his appeal. **See Commonwealth v. Holmes**, 79 A.3d 562, 563 (Pa. 2013) ("By way of summary, we hold that [the] general rule of deferral to PCRA review remains the pertinent law on the appropriate timing for review of claims of ineffective assistance of counsel; we disapprove of expansions of the exception to that rule[.]").  We agree.  However, in doing so we note that counsel followed improper procedure by raising a frivolous issue and arguing against his client in an advocates brief.  **See Commonwealth v. Morrison**, 173 A.3d 286, 293 (Pa.Super. 2017) (directing counsel on how to proceed when he and his client disagree about which issues to raise on direct appeal).