J-S22038-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSE ANGEL ORTIZ-BENABE | : | |
| | : | |
| Appellant | : | No. 755 EDA 2022 |

Appeal from the PCRA Order Entered February 15, 2022
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0004178-2013

BEFORE:  BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED DECEMBER 28, 2022**

Jose Angel Ortiz-Benabe ("Ortiz-Benabe") appeals from the order denying the petition seeking sentencing credits he filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

In April 2014, Ortiz-Benabe pled guilty to criminal trespass, graded as a second-degree felony, resisting arrest, and institutional vandalism arising from his attempts to enter two homes with knives and his subsequent attempts to resist arrest.  He remained in custody after his arrest.  **See** Order of Court, 2/15/22, at 4-5.  The trial court imposed an aggregate sentence of

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.  Before denying relief, the PCRA court stated that the proceeding had "morphed into a request for time served."  **See** N.T., 11/29/21, at 3.  In its order denying relief, the PCRA court stated it denied Ortiz-Benabe's PCRA petition and a petition for credit for time served.  **See** Order of Court, 2/15/22, at 1.  No formal petition for credit for time served had been docketed, and it appears that the court phrased its order in an abundance of caution due to the nature of the relief sought.  We will do the same in our review of the order.

eleven to twenty-two months of imprisonment followed by thirty months of probation ("original sentence").[2]

In August 2014, the trial court paroled Ortiz-Benabe to a treatment facility. Thereafter, in March 2016, Ortiz-Benabe committed a series of new offenses while on probation for his original criminal trespass sentence. A county probation officer filed a petition for a violation of probation ("VOP") hearing. Ortiz-Benabe pled guilty to and was sentenced on the new offenses in November 2016 ("new convictions").[3]

After a VOP hearing on his original sentence, the VOP court revoked Ortiz-Benabe's probation for criminal trespass and imposed a new sentence of twenty-four to forty-eight months of imprisonment to run consecutively to all other sentences ("the VOP sentence"). *See* Order of Court, 2/15/22, at 5-6. The VOP court's sentencing order stated that Ortiz-Benabe was "given credit for time served, with no duplicative credit." VOP Sentencing Order, 2/3/17.

---

[2] The aggregate sentence included a split-sentence of nine to eighteen months of imprisonment and thirty months of probation for criminal trespass, a consecutive two to four months of imprisonment for institutional vandalism, and a concurrent two years of probation for resisting arrest. *See* Order of Court, 2/15/22, at 4. The trial court crafted its sentence to comport with the parties' agreement that Ortiz-Benabe remain in county prison and obtain treatment. *See id*. at 4-5.

[3] Ortiz-Benabe received an aggregate sentence of ninety-four months to 188 months of imprisonment for his new convictions. *See* Order of Court, 2/15/22, at 5.

In its accompanying DC-300B form,[4] the VOP court commented that Ortiz-Benabe was "to receive credit for any/all time served in custody in this case." DC-300B Form, 2/6/17, at 2.

Ortiz-Benabe did not appeal the VOP sentence. More than four years later, he filed a *pro se* PCRA petition asserting the sentence was illegal. The PCRA court appointed counsel ("PCRA counsel") and held a hearing.[5] PCRA counsel argued that Ortiz-Benabe was entitled to credit on the VOP sentence for the time from September 2013, following his original arrest, to August 2014, about the time he was released on parole on the original sentence. After the hearing, PCRA counsel filed a memorandum of law claiming that Ortiz-Benabe was entitled to the requested credit pursuant to 42 Pa.C.S.A. § 9760, which governs sentencing credit for time in custody, and **Commonwealth v. Williams**, 662 A.2d 658 (Pa. Super. 1995).[6] The court

_____

[4] A DC-300B form is a commitment document generated by a trial court's case management system and given to the Department of Corrections ("DOC") along with a trial court's sentencing order. **See Commonwealth v. Heredia**, 97 A.3d 392, 394 n.3 (Pa. Super. 2014).

[5] We note that the PCRA court simultaneously appointed counsel and issued a Pa.R.Crim.P. 907 notice of intent to dismiss Ortiz-Benabe's *pro se* petition. This procedural irregularity did not impair the litigation of Ortiz-Benabe's claim as the PCRA court ultimately developed a record and considered all issues that Ortiz-Benabe with the assistance of PCRA counsel intended to raise.

[6] In **Williams**, this Court held that a defendant was entitled to credit for all time served in custody on his original split sentence when his subsequent VOP sentence could have required him to serve more than the lawful maximum for the offenses. **Williams**, 662 A.2d at 659.

denied relief. Ortiz-Benabe timely appealed, and both he and the court complied with Pa.R.A.P. 1925.[7]

Ortiz-Benabe raises the following issue for our review:

> Whether [Ortiz-Benabe's] resentencing . . . of 24 to 48 months, should include credit for time served in custody from September 28, 2013 through August 1, 2014 as required by . . . 42 Pa.C.S.A. § 9760?

Ortiz-Benabe's Brief at 3 (unnecessary capitalization omitted).

Our standard of review of an order denying a PCRA petition is as follows:

> [We are] limited to determining whether the evidence of record supports the [PCRA] court's determination and its decision is free of legal error. This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. We do not give the same deference, however, to the court's legal conclusions.

**Commonwealth v. Beatty**, 207 A.3d 957, 961 (Pa. Super. 2019) (internal citations omitted).

Ortiz-Benabe's issue relates to his claim for credit from September 2013 to August 2014, the time he spent in custody before and while serving his original sentence. **See** Ortiz-Benabe's Brief at 8-9. This Court has recognized three different theories for requesting credit for time served. **See Commonwealth v. Wyatt**, 115 A.3d 876, 879 (Pa. Super. 2015). First, "it [is] only when the petitioner challenges the legality of a trial court's alleged

---

[7] The PCRA court's opinion directs us to its February 15, 2022, Order of Court, where the reasons for its denial of Ortiz-Benabe's petition appear.

failure to award credit for time served as required by law in imposing sentence, that a challenge to the sentence [is] deemed cognizable as a due process claim in PCRA proceedings." ***Id***. (internal citation omitted). For a PCRA court to have jurisdiction to address the merits of a legality of sentence claim, however, the petitioner must invoke the court's jurisdiction by filing a timely PCRA petition or pleading and proving an exception to the PCRA time bar. ***See Commonwealth v. Beck***, 848 A.2d 987, 989-91 (Pa. Super. 2004); ***see also Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa. Super. 2013) (providing that a PCRA court must dismiss an untimely petition if no time-bar exception is pleaded and proved).

Second, "[i]f the alleged error is thought to be the result of an erroneous computation of sentence by the [DOC], then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the [DOC's] computation." ***See Wyatt***, 115 A.3d at 879 (internal citation omitted). Third, if "the alleged error is thought to be attributable to ambiguity in the sentence imposed by the trial court, then a writ of *habeas corpus ad subjiciendum* lies to the trial court for clarification and/or correction of the sentence imposed." ***See id***. (internal citation omitted).

Ortiz-Benabe's argument in support of request for credit, while short, muddles the different theories for relief. He argues that he was entitled to credit from September 2013 to August 2014 under section 9760 and ***Williams***. He also claims that the "record is clear that the [VOP court's]

intention was to give credit for time served." ***Id***. at 8-9. Ortiz-Benabe concludes that he is entitled to a modification or correction of the VOP court's sentencing order. ***See id***. at 10.

The PCRA court, in explaining the reasons for its denial of relief, noted that the VOP court had ordered credit for time served. ***See*** Order of Court, 2/15/22, at 10. The court determined that Ortiz-Benabe's request for credit was not cognizable under the PCRA. ***See id***. at 10. The court continued that Ortiz-Benabe did not assert a proper PCRA challenge to the legality of the VOP sentence, the failure of the VOP court to award credit, or the ineffectiveness of counsel. ***See id***. at 10-11. The court concluded that even if Ortiz-Benabe had framed a proper PCRA claim regarding credit for time served, his petition would be patently untimely. ***See id***. at 11. Alternatively, the court determined that Ortiz-Benabe's request for credit should be raised as an action against the DOC. ***See id***. at 10 n.2.

Based on our review, we conclude the PCRA court properly denied Ortiz-Benabe's request for credit. Ortiz-Benabe conflated several different claims for seeking credit for time served. As to Ortiz-Benabe claims he was entitled to credit from September 2013 to August 2014 pursuant to section 9760, his claim was cognizable under the PCRA as a challenge to the legality of the sentence. ***See Wyatt***, 115 A.3d at 879. However, for the PCRA court to address the merits of this claim, Ortiz-Benabe needed to file a timely PCRA petition within one year of his VOP sentence becoming final or state an

exception to the PCRA time-bar. ***See Beck***, 848 A.2d at 989-91. He did neither, and he does not argue in this appeal that his petition must be construed as timely under the PCRA. Thus, Ortiz-Benabe did not invoke the court's PCRA jurisdiction, and we conclude the PCRA court properly refused to consider the merits of a legality of sentence claim concerning his request for credit. ***See id***.

To the extent Ortiz-Benabe asserts that the VOP court clearly intended to award credit from September 2013 to August 2014, the appropriate vehicle for redress is an action in the Commonwealth Court challenging the DOC's calculations of his credit. ***See Wyatt***, 115 A.3d at 879; ***see also Heredia***, 97 A.3d at 395. Thus, the PCRA court properly refused to consider this assertion.

Lastly, we acknowledge Ortiz-Benabe's claim that he was entitled to a modification or correction of the VOP court's sentencing order based on the VOP court's statements that he was entitled to "credit for time served, with no duplicative credit" and the VOP court's DC-300B form stating that the court awarded "credit for any/all time served in custody in this case." ***Cf. Wyatt***, 115 A.3d at 879.[8] However, Ortiz-Benabe fails to develop a meaningful claim

---

[8] We note the VOP court's sentencing order and DC-300B form may have created confusion. The DOC apparently granted overlapping periods of credit from 2016 to 2017, when Ortiz-Benabe was in custody for the disposition of his new convictions and the VOP. ***See*** Exhibit D-A to Memorandum of Law, 1/13/22, at 2. However, the PCRA court, which was also the VOP court,
*(Footnote Continued Next Page)*

- 7 -

that the PCRA court erred when concluding it lacked jurisdiction to consider this claim within the confines of the PCRA or that the court erred or abused its discretion when separately denying his request for credit from September 2013 to August 2014.[9]

Order affirmed.

_____

suggested that it would not have awarded **any** credit for time served.  **See** N.T., 11/29/21, at 9, 13.

[9] At the PCRA hearing, Ortiz-Benabe also discussed his intention to invoke the court's authority to correct patent errors after thirty-days after the date of its entry.  **See** N.T., 11/29/21, at 8.  However, his assertion that the VOP court intended to award credit for time in custody from September 2013 to August 2014 sentence does not demonstrate a patent and obvious error permitting a correction after the VOP sentence became final.  **See Commonwealth v. Borrin**, 622 Pa. 422, 437, 80 A.3d 1219, 1228 (2013).  Moreover, Ortiz-Benabe established no legal right to credit for the time in custody from September 2013 to August 2014 under section 9760 or **Williams**.  **See Commonwealth v. Crump**, 995 A.2d 1280, 1285 (Pa. Super. 2010) (stating that a sentence imposed following a revocation of probation is not illegal if it does not exceed the statutory maximum when factoring in the incarceration time already served).  Even when combined, the maximums of original and VOP sentences amounted to sixty-six months, far short of the lawful 120-month maximum sentence for criminal trespass graded as a second-degree felony.  **See** 18 Pa.C.S.A. § 1103(2).  Thus, Ortiz-Benabe was not entitled to credit for time served before and during his original sentence because there was no possibility he could have been required to serve more time in prison than the lawful maximum sentence.  **See Crump**, 995 A.2d at 1285.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/28/2022</u>