J-S23034-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CANYON CLIFF BEER | : | |
| | : | |
| Appellant | : | No. 1409 WDA 2018 |

Appeal from the Judgment of Sentence Entered August 30, 2018
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s):  CP-33-CR-0000272-2014

BEFORE:   BENDER, P.J.E., NICHOLS, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                    FILED DECEMBER 06, 2019

Appellant, Canyon Cliff Beer, appeals from the judgment of sentence of $7^1/_2$ to 15 years of incarceration, imposed by the trial court after it revoked drug and alcohol restrictive intermediate punishment that it had imposed following Appellant's violation of the probation portion of a split sentence of incarceration and probation.  For the reasons set forth below, we vacate the judgment of sentence.

On September 17, 2014, Appellant pled guilty to a single count of delivery of a controlled substance,[1] heroin, and was sentenced to one to two years of incarceration in a state correctional facility followed by three years of probation, with credit for time served since April 28, 2014.  The maximum

_____

[1] 35 P.S. § 780-113(a)(30).

*   Retired Senior Judge assigned to the Superior Court.

sentence for this offense is 15 years of incarceration. 35 P.S. § 780-113(f)(1). On May 24, 2015, Appellant was released from state custody on parole, at which time the maximum date on his incarceration sentence was April 28, 2016 and his probation sentence was to run from April 28, 2016 to April 28, 2019. Order to Release on Parole, 5/5/15; Request for Special Probation/Parole Supervision, 12/3/15. On April 29, 2016, Appellant was charged with a technical violation of parole and probation conditions consisting of failing to notify his supervising officer of a change of residence and was jailed for seven days. Notice of Charges, 4/29/16; Memorandum of Credit for Time Served, 12/12/18. Following a hearing on that charge, Appellant's home plan was modified and he was ordered to attend family counseling, but no revocation of Appellant's parole or probation was issued. Gagnon[2] Order, 5/6/16.

On June 2, 2016, Appellant was charged with technical violations of his probation, failure to report to his supervising officer and violation of curfew, which occurred in May 2016, after he had fully served the incarceration portion of his sentence. Notice of Charges, 6/2/16. Appellant was jailed on these charges for 52 days. Memorandum of Credit for Time Served, 12/12/18. Following the results of toxicology tests, the trial court on July 22, 2016 revoked Appellant's probation and resentenced him to five years of drug and

_____

[2] Gagnon v. Scarpelli, 411 U.S. 778 (1973).

- 2 -

alcohol restrictive intermediate punishment, including inpatient drug and alcohol rehabilitation, followed by commitment to a halfway house, outpatient treatment, and three months of house arrest with electronic monitoring. Gagnon Order, 7/22/16; Release Order, 7/22/16. Appellant served 194 days in rehabilitation and 90 days of house arrest under this sentence. Memorandum of Credit for Time Served, 12/12/18.

On May 15, 2017, Appellant was charged with a technical violation of his drug and alcohol restrictive intermediate punishment, consisting of illegal drug use. Notice of Charges, 5/15/17. Appellant was jailed on these charges for 14 days. Memorandum of Credit for Time Served, 12/12/18. On May 25, 2017, the trial court revoked the drug and alcohol restrictive intermediate punishment imposed in 2016 and resentenced Appellant to a new sentence of five years of drug and alcohol restrictive intermediate punishment with additional drug court terms and conditions. Gagnon Order, 5/25/17. Under this sentence, Appellant served 18 days in rehabilitation and 118 days of house arrest and was incarcerated for several periods between May 25, 2017 and June 28, 2018 for a total of 42 days. Memorandum of Credit for Time Served, 12/12/18.

Appellant was ordered detained on June 28, 2018, for violating the conditions of his drug court drug and alcohol restrictive intermediate punishment sentence as a result of his testing positive for methamphetamine, and was removed from the Drug Court program on July 6, 2018. Detainer

Order, 6/28/18; Order, 7/6/18; Notice of Charges, 7/6/18. Appellant remained jailed until a Gagnon II hearing was held on August 30, 2018. Gagnon Order, 7/18/18; Memorandum of Credit for Time Served, 12/12/18.

At that August 30, 2018 hearing, the trial court found that Appellant had been convicted of a new crime, the summary offense of criminal mischief, and had violated the conditions of his drug court drug and alcohol restrictive intermediate punishment sentence. N.T. at 3, 5. The trial court revoked Appellant's drug court drug and alcohol restrictive intermediate punishment and resentenced Appellant to the statutory maximum sentence for his delivery of a controlled substance conviction, $7\frac{1}{2}$ to 15 years of incarceration, with credit for time served. Gagnon Order, 8/30/18; N.T. at 5-6. On September 10, 2018, counsel timely filed a motion for reconsideration of sentence, which the trial court denied on September 11, 2018.

On September 27, 2018, counsel timely filed the instant direct appeal from the August 30, 2018 judgment of sentence. Appellant presents the following issues for our review:

> I. Whether the Trial Court committed an abuse of discretion when it revoked Appellant's probation/parole and re-sentenced him to serve a sentence of not less than seven and a half ($7\frac{1}{2}$) years nor more than fifteen (15) years in a state correctional institution given the circumstances of the case.
>
> II. Whether the Trial Court failed to adequately set forth its reasons for the sentence on the record.

Appellant's Brief at 4.[3]

A claim that a sentence imposed following the revocation of probation or intermediate punishment is manifestly excessive and unreasonable presents a substantial question that this Court may review on appeal. Commonwealth v. Derry, 150 A.3d 987, 995 (Pa. Super. 2016); Commonwealth v. Ferguson, 893 A.2d 735, 737 (Pa. Super. 2006).[4] While

_____

[3] Appellant's counsel initially filed a petition to withdraw and a brief under Anders v. California, 386 U.S. 738 (1967). On June 18, 2019, we denied counsel's petition to withdraw and ordered counsel to submit an advocate's brief or a new Anders brief. On July 26, 2019, Appellant's counsel filed a brief on the merits arguing above issues. On October 7, 2019, the Commonwealth filed a brief arguing that the judgment of sentence should be affirmed.

[4] In addition to the requirement that the challenge present a substantial question, an appeal challenging the discretionary aspects of sentence may be considered by this Court only if the appellant preserved the issue at sentencing or in a timely post-sentence motion and the appellant is required to include in his brief a concise statement of reasons for allowing appeal with respect to the discretionary aspects of sentence in accordance with Pa.R.A.P. 2119(f). See, e.g., Commonwealth v. Dempster, 187 A.3d 266, 272 (Pa. Super. 2018) (en banc); Derry, 150 A.3d at 991. Appellant satisfied the first of these two requirements, as he filed a timely post-sentence motion in the trial court seeking reconsideration of the sentence on the grounds that it was excessive and manifestly unreasonable and that the trial court did not state adequate reasons for the sentence. Motion for Reconsideration of Sentence ¶¶6-7. Counsel included a Rule 2119(f) statement in his original Anders brief in this appeal, Anders Brief at 7, but the merits brief filed by counsel after his petition to withdraw was denied does not include a Rule 2119(f) statement. The Commonwealth has not, however, objected to Appellant's failure to comply with Rule 2119(f). Failure to comply with Rule 2119(f) does not bar consideration of an otherwise properly preserved challenge to the discretionary aspects of sentence where it is obvious from the appellant's brief that substantial question is raised and the Commonwealth does not object to the absence of a Rule 2119(f) statement. Commonwealth v. Antidormi, 84

the trial court has broad discretion in sentencing, a statutory maximum sentence or lengthy sentence imposed for a violation of probation or intermediate punishment can constitute a manifestly excessive and unreasonable sentence where the court articulates no reasons or factors that support a sentence of that length. Commonwealth v. Cottle, 426 A.2d 598, 599-602 (Pa. 1981) (vacating statutory maximum sentence of 2$^1/_2$ to 5 years' incarceration for probation violations consisting of repeated failure to comply with reporting requirements where trial court did not articulate factors justifying sentence); Ferguson, 893 A.2d at 736, 739-40 (affirming 27 to 72 month prison sentence where defendant violated probation and intermediate punishment by repeated continued drug use, but vacating 36-year probation sentence as manifestly excessive where defendant's crimes did not involve violence or weapons and trial court gave no explanation why a 36-year period of probation was warranted by sentencing factors); Commonwealth v. Parlante, 823 A.2d 927, 928, 931 (Pa. Super. 2003) (vacating 4 to 8 year prison sentence as manifestly unreasonable where defendant repeatedly violated probation and intermediate punishment by continued drug use because offenses were non-violent and trial court did not articulate any reasons for the sentence other than defendant's repeated violations or

_____

A.3d 736, 759 (Pa. Super. 2014); Commonwealth v. Kneller, 999 A.2d 608, 614 (Pa. Super. 2010) (en banc). We therefore do not find that Appellant waived his challenge to his sentence here.

consider other factors). In addition, an abuse of the sentencing court's discretion exists where the record shows that the court ignored or misapplied the law. Commonwealth v. Luketic, 162 A.3d 1149, 1163 (Pa. Super. 2017); Derry, 150 A.3d at 991; Commonwealth v. Antidormi, 84 A.3d 736, 760 (Pa. Super. 2014).

The trial court here imposed a lengthy period of incarceration, the maximum sentence, $7^1/_2$ to 15 years, for Appellant's violation of his intermediate punishment. The trial court at the hearing and in its opinion did not state that it considered 15 years of incarceration appropriate to Appellant's violations of his intermediate punishment. It also did not find that Appellant's violations involved violent conduct or the same criminal conduct, drug dealing, for which he was originally sentenced.

Rather, the trial court's sole reason for selecting the statutory maximum, rather than a shorter maximum sentence of incarceration, was that Appellant would receive credit for time served and therefore anything short of a 15-year maximum sentence would not provide a meaningful minimum period of incarceration and would result in Appellant's near immediate release on parole. N.T. at 5-6; Trial Court Opinion at 2. At the Gagnon II hearing, the trial court stated in explaining its sentence: "[I]f I give you a five-year sentence – you're at four and a half years in – so you probably wouldn't do any programming, and they probably would put you out the door, and you would receive no sanction whatsoever for the violation of the drug court and

- 7 -

the new charges." N.T. at 6. The trial court stated in its opinion that it imposed of the maximum sentence rather than a shorter term of incarceration because Appellant's repeated violations showed that "[t]otal incarceration thus presented itself as the only effective means of curbing the defendant's criminality, while a $7^1/_2$-year minimum, as opposed to the 5-year minimum the defendant had proposed, was necessary to make sure he was in prison long enough to take advantage of the appropriate programs" after receiving credit for all time served. Trial Court Opinion at 2.

That reasoning was premised on an error of law. Credit against the new sentence for time served on prior sentences for the same conviction is required where the statutory maximum sentence is imposed to prevent the imposition of an illegal sentence. Commonwealth v. Williams, 662 A.2d 658, 659 (Pa. Super. 1995). Credit against a new sentence imposed after revocation of probation or intermediate punishment is not required, however, where the new sentence and all prior sentences that the defendant has already served for the same conviction added together total less than the statutory maximum. Commonwealth v. Infante, 63 A.3d 358, 367 (Pa. Super. 2013); Commonwealth v. Schutzues, 54 A.3d 86, 90 n.2 (Pa. Super. 2012); Commonwealth v. Crump, 995 A.2d 1280, 1284-85 (Pa. Super. 2010).

At the time that the trial court sentenced Appellant on August 30, 2018 for violation of his drug court drug and alcohol restrictive intermediate punishment, Appellant had served a total of 1,332 days, 3 years and 237 days,

on his prior sentences.  See Corrected Court Commitment, 1/16/19, at 2.  The trial court therefore was not required to impose a $7^1/_2$-to-15 year sentence to achieve its stated objective of a meaningful minimum period of incarceration. A sentence of 3 to 6 years' imprisonment or $3^1/_2$ to 7 years' imprisonment could have been imposed without any credit for time served and would have achieved the same minimum period of incarceration that the trial court gave as its reason for the 15-year maximum sentence.  The trial court, however, neither considered the fact that a shorter sentence could be imposed without credit nor concluded that a 15-year maximum sentence was appropriate to Appellant's violations of his probation and intermediate punishment.

The Commonwealth in its brief likewise does not assert that Appellant's violations involved violent conduct or drug dealing or discuss how a 15-year maximum sentence is appropriate.  Rather, it simply asserts that the maximum sentence was not an abuse of discretion because Appellant "was entitled to credit" for all time served on the original sentences, without citation to any authority supporting that assumption or consideration of the applicable law.  Appellee's Brief at 2-3.

Given the length of the sentence, the absence of factors supporting a sentence of that length, and the fact that the court based its sentence on inaccurate interpretation of the law, we conclude that the trial court abused its discretion in imposing a maximum sentence of 15 years.  Accordingly, we

vacate Appellant's sentence and remand this case to the trial court for resentencing.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/6/2019</u>